PEOPLE v MARTIN

1. CRIMINAL LAW—PROSECUTOR'S NOTES—WORK PRODUCT—DISCOVERY —COURT RULES.

A prosecutor's notes containing a compilation made from public records regarding the outcome of prior trials in which prospective jurors had been members of the jury were part of the attorney's work product and a trial court properly refused to allow a defense attorney to examine the notes (GCR 1963, 306.2).

2. CRIMINAL LAW—RIGHT TO COUNSEL—PHOTOGRAPHIC IDENTIFICATION —DEFENDANTS—CUSTODY.

Appointment of counsel is not required at a photographic identification which takes place before a defendant is in custody.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 September 10, 1974, at Lansing. (Docket No. 17506.) Decided November 27, 1974.

Kelvin Martin was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 306 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 368, 369.

Before: QUINN, P. J., and ALLEN and VAN VALK-
ENBURG,* JJ.

PER CURIAM. After a jury trial the defendant
was convicted of armed robbery. MCLA 750.529;
MSA 28.797. He now appeals raising two issues.

The defendant first contends that the trial court
erred in refusing to allow his counsel to examine
the prosecutor's notes. The notes contained the
compilation made from public records regarding
the outcome of prior trials in which prospective
jurors had been members of the jury. Defendant
places his primary reliance on *People v Aldridge,*
47 Mich App 639; 209 NW2d 796 (1973). However,
that case is distinguishable. In *Aldridge* the police
had compiled a considerable amount of informa-
tion which might have been of significance and as
a practical matter this information was not availa-
ble to the defendant. In this case the information
was as available to the defendant as it was to the
prosecutor.

In this case the notes are part of an attorney's
work product. GCR 1963, 306.2 reads in part:

"The court shall not order the production or inspec-
tion of any part of the writing that reflects an attor-
ney's mental impressions, conclusions, opinions, or legal
theories."

The American Bar Association's project on stan-
dards for criminal justice states the rule as follows
in Standard 2.6(a):

"Work product. Disclosure shall not be required of
legal research or of records, correspondence, reports or
memoranda to the extent that they contain the opin-
ions, theories or conclusions of the prosecuting attorney
or members of his legal staff."

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We can see no reason for ordering discovery of an attorney's work product when the defendant could obtain any information that he is entitled to from other sources. Therefore, we find no merit in the defendant's contention.

Defendant's second contention is that he was denied his right to counsel at a photographic identification which took place before he was in custody. This contention is controlled by *People v Lee,* 391 Mich 618, 625; 218 NW2d 655 (1974) where the Court said:

"It is not feasible to require appointment of counsel in cases of pre-custody photographic showups where there is no detention of the defendant since under such a rule each photograph arguably depicts a suspect and therefore each person whose photograph appears in the photographic display, or perhaps even the 'mug book' would require the representation of counsel. That would be impossible and absurd."

Affirmed.