PEOPLE v PARIS

Docket No. 99782. Submitted October 7, 1987, at Marquette. Decided February 2, 1988. Leave to appeal applied for.

James E. Paris was convicted of second-degree criminal sexual conduct, Marquette Circuit Court, Charles H. Stark, J. Prior to trial, the court granted a prosecution motion for discovery of information from defendant and denied a defense motion for discovery upon the prosecutor's assurance that witnesses' statements would be made available to defendant and that police officer's notes requested by defendant had been destroyed. At trial, a codefendant, whose deposition testimony had been taken earlier but not given to defendant, was permitted to testify. Also at trial a police officer was permitted to testify after referring to a police report prepared from the destroyed notes. Defendant appealed.

The Court of Appeals *held:*

1. The civil discovery rules provide an appropriate balance between protecting a defendant's right to a fair trial and maintaining the integrity of the legal system. The court erred in granting the prosecutor's discovery request since the prosecutor made no showing that he was unable to acquire the substantial equivalent to his discovery request without undue hardship.

2. The prosecutor, in failing to disclose the deposition of the codefendant, breached his duty to provide defendant with a fair

REFERENCES

Am Jur 2d, Criminal Law §§ 830, 998, 1020, 1021.

Am Jur 2d, Depositions and Discovery §§ 428 *et seq.*; 437, 440, 462 *et seq.*

Prosecutor's duty, under due process clause of Federal Constitution, to disclose evidence favorable to accused—Supreme Court cases. 87 L Ed 2d 802.

Exclusion of evidence in state criminal action for failure of prosecution to comply with discovery requirements as to physical or documentary evidence or the like—modern cases. 27 ALR4th 105.

Sanctions against defense in criminal case for failure to comply with discovery requirements. 9 ALR4th 837.

trial. The court erred in failing to suppress the testimony of the codefendant.

3. The destruction of the officer's notes deprived defendant of an opportunity to effectively cross-examine him. Thus, defendant was denied a fair trial.

Reversed and remanded.

1. CRIMINAL LAW — DISCOVERY — WITNESS LISTS.

A trial court does not have statutory authority to require a criminal defendant to disclose his witness list, reports of experts and tangible evidence; a defendant is only required to disclose a defense of insanity or diminished capacity or a defense of alibi (MCL 768.20, 768.20a; MSA 28.1043, 28.1043[a]).

2. CRIMINAL LAW — DISCOVERY — COURT RULES.

The principles of fairness protected by the civil rule on discovery should apply to criminal proceedings as well where the prosecutor attempts to discover information from the defendant (MCR 2.302[B]).

3. CRIMINAL LAW — DISCOVERY.

A prosecutor's violation of a discovery order or agreement does not automatically entitle a defendant to exclusion of otherwise admissible evidence but does so where the violation so severely prejudices defendant as to constitute a breach of the prosecutor's duty to provide defendant with a fair trial.

4. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE — DUE PROCESS.

The determination of whether a criminal defendant's due process rights have been violated by the suppression of evidence by the prosecution involves a three-stage inquiry: (1) whether the suppression was deliberate; (2) whether the evidence was requested by the defendant; and (3) whether hindsight discloses that the defense could have put the evidence to a not insignificant use.

5. CRIMINAL LAW — EVIDENCE — POLICE OFFICER'S NOTES.

A police officer's notes taken during the interrogation of the accused are material evidence within the meaning of the test of whether there has been prosecutorial suppression of evidence favorable to the accused.

*Mark Peter Stevens,* for defendant.

Before: R. M. MAHER, P.J., and G. R. McDONALD and R. C. LIVO,* JJ.

R. C. LIVO, J. Defendant was convicted by a jury of criminal sexual conduct in the second degree, MCL 750.520c; MSA 28.788(3). Sentenced to from three to fifteen years' imprisonment, defendant appeals as of right from his conviction and sentence. We reverse defendant's conviction.

The first issue raised is whether the trial court erred in granting the prosecutor's motion for discovery.[1] The prosecutor moved prior to trial for discovery of the defense defendant planned to use at trial, the names and addresses of defense witnesses, written statements and memorandum of oral statements made by defense witnesses, reports of experts and any written documents on which defense witnesses would rely, and any tangible evidence in defendant's possession. The trial court granted the prosecutor's motion in part, exempting from the order discovery of the defense that defendant intended to offer at trial and statements of defense witnesses. We agree that the trial court did not have the authority to grant the request.

First, there is no court rule authorizing such a discovery order. The proposed rules of criminal procedure relied on by the prosecutor have not been adopted by our Supreme Court. The trial court lacked the power to act under the proposed rules until their adoption.

Second, the Legislature has not seen fit to adopt a statute which grants general discovery to the prosecutor. At this time, a defendant is required only to disclose a defense of insanity or diminished

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The pretrial motions in this case were heard by the circuit judge originally assigned the case. The trial, however, was held before a district judge acting as a circuit judge. Both judges will be referred to as the trial court in this opinion.

capacity, MCL 768.20a; MSA 28.1043(1), or a defense of alibi, MCL 768.20; MSA 28.1043. The silence of the Legislature does not endow the trial court with the authority to proceed as if the Legislature had not spoken on the subject all. Express mention of one thing by the Legislature implies the exclusion of other similar things. *People v Wurm,* 158 Mich App 265, 272; 404 NW2d 235 (1987). Accordingly, the trial court did not have statutory authority to require defendant to disclose his witness list, reports of experts and tangible evidence.

Moreover, we find that the discovery ordered in this case denied defendant a fair trial.[2] While fundamental fairness entitles a defendant to broad criminal discovery, *People v Denning,* 140 Mich App 331; 364 NW2d 325 (1985), we do not believe that prosecutorial discovery enjoys the same protection. A prosecutor has the duty to disclose any mitigating or exculpatory evidence. *People v Wimberly,* 384 Mich 62, 66; 179 NW2d 623 (1970); *People v Browning (On Rehearing),* 108 Mich App 281, 307; 310 NW2d 365 (1981). See also, Code of Professional Responsibility and Canons, DR 7-103(B) and EC 7-13. Any fairness due the prosecution, however, must be balanced with a defendant's right to the effective assistance of counsel. If defense attorneys are to do proper jobs, they must be free to plot trial strategy without fear that

---

[2] We recognize that the United States Supreme Court in *United States v Nobles,* 422 US 225, 234; 95 S Ct 2160; 45 L Ed 2d 141 (1975), ruled that a defendant's Fifth Amendment right against self incrimination did not bar the disclosure of a report prepared by an investigator for defense counsel comprised of interviews with the prosecution witnesses. The Court held that only a defendant's personal communications, and not third party statements, were protected by the Fifth Amendment. The *Nobles* decision, however, did not address whether such discovery would deny defendant his due process rights under the Fourteenth Amendment to the United States Constitution and Michigan Const 1963, art 1, § 17.

prosecutors will be allowed to discover and undermine their efforts.

We further believe that the civil discovery rules provide an appropriate balance between protecting a defendant's right to a fair trial and maintaining the integrity of the legal system.[3] MCR 2.302(B)(1) and (3) prevent discovery of an attorney's work product, that is, materials prepared in anticipation of trial, unless the requesting party demonstrates a substantial need for the materials and an inability to obtain their substantial equivalent without undue hardship. Here, the prosecutor made no showing that he was unable to acquire the substantial equivalent to his discovery request without undue hardship. Accordingly, the trial court should not have granted the discovery request and we reverse defendant's conviction.

The next issue raised is whether the trial court erred in allowing codefendant Danny Kennedy to testify for the people. On February 28, 1986, defendant moved for discovery of any report or statements in the prosecutor's possession. When the motion was heard in May, 1986, the prosecutor stated that his files were open to counsel upon request. The next day, the prosecutor took Kennedy's deposition without notice to or the presence of defendant's attorney. In June, 1986, defendant's attorney requested in writing any statement made by Kennedy, any plea agreement, and that Kennedy's deposition be taken. The prosecutor replied by letter stating that he would not agree to a deposition of Kennedy. On June 12, 1986, an order was

[3] We also recognize that the civil discovery rules do not pertain to criminal proceedings. MCR 6.001(B); *People v Taylor,* 159 Mich App 468, 471; 406 NW2d 859 (1987). Consequently, we are applying MCR 2.302(B) by analogy only. We believe our application is appropriate as the rule represents a codification of time-tested discovery procedure. Moreover, the principles of fairness protected by the rule should apply with equal force to a criminal proceeding since the defendant's liberty is at stake.

filed stating that the prosecution would voluntarily give defense counsel any items he requested in the letter. In November, 1986, Kennedy was interviewed by defense counsel and informed him that he did not intend to testify against defendant as part of his consideration for his own plea entered in June, 1986. Nonetheless, when defendant's trial commenced on December 2, 1986, the prosecution, which had not endorsed Kennedy as a trial witness, stated in voir dire that it intended to call Kennedy as a witness. Defendant objected and claimed surprise. On December 3, 1986, defendant moved to dismiss, or in the alternative, for suppression of Kennedy's testimony. At that time, defendant's attorney was provided a copy of Kennedy's deposition. Defense counsel's motion for dismissal was denied. We find that the trial court abused its discretion in allowing Kennedy to testify.

The prosecutor's failure to give defense counsel the transcript of Kennedy's deposition until the day Kennedy testified violated the discovery agreement. While the transcript itself might not have been in existence when the prosecutor made the agreement, Kennedy's deposition was taken by the prosecutor one day after he agreed to provide defense counsel with copies of all requested documents. We believe that this agreement placed the prosecutor under a continuing obligation to provide the deposition transcript once it became available since the prosecutor was aware at the time he made the agreement that he was going to take Kennedy's deposition.

We believe that a violation of a discovery order or agreement does not automatically entitle a defendant to exclusion of otherwise admissible evidence. *People v Taylor,* 159 Mich App 468, 487; 406 NW2d 859 (1987), lv den 428 Mich 913 (1987).

But see *People v Dana Turner,* 120 Mich App 23; 328 NW2d 5 (1982), *People v Pace,* 102 Mich App 522; 302 NW2d 216 (1980), and *People v Florinchi,* 84 Mich App 128; 269 NW2d 500 (1978), lv den 405 Mich 828 (1979). The violation in this case, however, severely prejudiced defendant. The credibility of the witnesses was a primary issue. Since the testimony of the complaining witness conflicted with defendant's testimony, the testimony of Kennedy was crucial to the jury's decision. The prosecutor's failure to furnish the deposition transcript in a timely fashion could well have deprived defense counsel of an effective means of discrediting Kennedy's testimony. Further, we believe that the prosecutor's omissions indicate a deliberate intent to prejudice defendant's ability to present a defense. Not only did the prosecutor fail to provide defense counsel with a copy of the transcript, but the deposition was taken without notice to defense counsel. The prosecutor also failed to mention the fact of Kennedy's deposition when refusing defense counsel's request to depose Kennedy. It is likely that defense counsel would not have been misled by Kennedy's statement that he did not intend to testify for the prosecution if the prosecuting attorney had made the proper disclosure. A prosecutor has a duty to provide the defendant with a fair trial, not merely convict the defendant. Cf. *People v Florinchi, supra,* p 135. The prosecutor's breach of duty in this case was so egregious that suppression of Kennedy's testimony was the only appropriate remedy.

Defendant next claims that he was denied a fair trial because his attorney was unable to review notes made by the investigating officer. Officer Dennis Gruner interviewed defendant shortly after the victim reported the assault. During the interview, defendant made several statements to the

officer which were used against defendant at trial. Gruner testified at defendant's preliminary examination, which was held in September, 1985, that his notes of the interview were available. Defendant requested the production of the notes in February, 1986. The prosecutor claimed in May, 1986, that the notes were unavailable because they had been destroyed by Gruner. Gruner testified at trial, however, that no one asked him for his notes until November, 1986. Detective Sergeant Paul Waters testified during an evidentiary hearing on the issue that he had asked Gruner for his notes in March, 1986, and that Gruner did not have the notes at that time.

The original notes of a defendant's statement are material evidence. *People v Wallace,* 102 Mich App 386; 301 NW2d 540 (1980). The prosecution and the police have the duty to retain such notes. *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972). Where evidence has been destroyed, we look to see

> (1) whether the suppression was deliberate; (2) whether the evidence was requested; and (3) whether "hindsight discloses . . . that [the] defense could have put the evidence to not insignificant use". *People v Dorsey,* 45 Mich App 230, 235; 206 NW2d 459 (1973), lv den 389 Mich 793 (1973). [*People v Petrella,* 124 Mich App 745, 752; 336 NW2d 761 (1983), aff'd 424 Mich 221 (1985).]

While it is impossible to ascertain whether Gruner's notes were destroyed before or after defense counsel's request for their production, we believe that other factors weigh in favor of reversal in this case. First, Gruner referred to the police report that had been prepared from his notes several times during trial to refresh his memory as to the exact words defendant used during the interview. Second, Gruner's testimony was admit-

ted against defendant in the prosecution's case in chief. Further, Gruner's testimony was the only evidence of defendant's statements to the police immediately following the assault. Moreover, the evidence against defendant was not strong. Defendant was charged with criminal sexual conduct in the first degree. The jury returned a verdict of aiding and abetting criminal sexual conduct in the second degree, indicating that they did not believe that defendant actually raped the victim. In addition, the two primary witnesses against defendant, the victim and Kennedy, changed their stories several times. The destruction of Gruner's notes deprived defendant of an opportunity to effectively cross-examine Gruner and, consequently, we find that defendant was denied a fair trial by their unavailability.

We do not consider defendant's final claim that he is entitled to resentencing as that issue is moot by reason of our decision to reverse and remand this case for a new trial.

Reversed and remanded for a new trial.