PEOPLE v JOHNSON

Docket No. 93490. Submitted January 11, 1988, at Detroit. Decided
May 17, 1988.

Richard P. Johnson was convicted of assault with intent to
commit murder following a jury trial in Detroit Recorder's
Court and was sentenced, Beverley A. Jasper, J. Defendant
appealed.

The Court of Appeals *held:*

1. The trial court did not err in ordering that a letter,
written by defendant's girlfriend to his defense counsel, be
turned over to the prosecutor at trial.

2. Defendant's argument that his conviction was against the
great weight of the evidence was not preserved for appeal.
Defendant failed to raise the issue at trial by way of a motion
for a new trial.

3. Defendant's argument that the trial court erred in failing
sua sponte to inform him of his constitutional rights not to
testify or have his silence used against him is without merit.
Defendant had the assistance of counsel.

Affirmed.

1. CRIMINAL LAW — DISCOVERY.

Discovery in criminal cases is a matter within the trial court's
discretion.

2. CRIMINAL LAW — APPEAL — VERDICT AGAINST GREAT WEIGHT OF
EVIDENCE — PRESERVING QUESTION.

A claim that a verdict is against the great weight of the evidence
is not preserved for appeal unless a motion for a new trial was
made, such motion being addressed to the discretion of the trial
judge.

REFERENCES

Am Jur 2d, Appeal and Error §§ 553 *et seq.*

Am Jur 2d, Criminal Law §§ 936 *et seq.*

Right of prosecution to discovery of case-related notes, statements,
and reports—state cases. 23 ALR4th 799.

Right of prosecution to pretrial discovery, inspection, and disclo-
sure. 96 ALR2d 1224.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — SUA SPONTE ADVICE BY
COURT.

A trial court need not sua sponte advise a defendant of his
constitutional rights not to testify or have his silence used
against him where he is represented by trial counsel.

4. CRIMINAL LAW — WITNESSES — TRIAL STRATEGY.

The decision as to whether a defendant will or will not testify is
usually considered a matter of trial strategy which the Court of
Appeals will not disturb on appeal.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
the Criminal Division, Research, Training and
Appeals, and *Linda M. Betleski,* Assistant Prose-
cuting Attorney Trainee, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: SAWYER, P.J., and R. M. MAHER and
T. M. BURNS,* JJ.

PER CURIAM. On April 15, 1986, following a four-
day jury trial in the Detroit Recorder's Court,
defendant was found guilty of assault with intent
to commit murder, MCL 750.83; MSA 28.278, for
which he was sentenced to fifteen to forty years
imprisonment. He now appeals his conviction as of
right. We affirm.

During the evening and early morning hours of
September 12 and 13, 1985, defendant and several
friends had been drinking at the Beer Can Bar in
Detroit, Michigan. Shortly after the bar stopped
serving alcohol, Maggie Cason and three others
entered the bar for a drink. When the bartender
refused to serve them, an argument ensued. The
argument eventually involved several patrons, in-

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

cluding defendant, who were still at the bar. The argument ended without incident, though, and Cason's party left the bar.

Cason and her friends were crossing the street when defendant left the bar and got into his car. He sped past nearly hitting them. Cason shouted out, "What are you trying to do, hit us?", and defendant replied, "Yes." He drove away from them for a short distance before making a u-turn and heading directly at them. Defendant's vehicle jumped a curb and struck Cason, pushing her into a pole. Defendant then backed up and appeared to run over her a second time before driving away.

Two police officers for the City of Detroit, who were patrolling the area at the time, witnessed the entire incident. They were able to stop defendant's vehicle approximately four or five blocks from the scene and placed him under arrest. Defendant asserted at his arrest, and later at trial, that he was heavily intoxicated, that he did not see Cason or intend to run over her, and that he did not even know what happened until the police stopped him.

The jury, choosing not to believe defendant's story, rendered a guilty verdict against him of assault with intent to commit murder.

On appeal, defendant first argues that the trial court erred in ordering that a letter, written by defendant's girlfriend to his defense counsel, be turned over to the prosecutor at trial. We hold there was no error.

During direct examination of Roxanne Gierwicki, defendant's girlfriend (who was riding in the car with him at the time of the assault), the prosecutor asked whether she had given a written statement about the incident to defense counsel. When she answered affirmatively, the prosecutor requested that he be shown the statement. Defense counsel objected on the ground that the statement,

which was actually an unsolicited letter Gierwicki had written, was attorney work product. The trial court, without explanation, ordered that the prosecutor be allowed to examine the letter. Apparently the letter contained nothing of importance because the prosecutor did not ask any questions concerning it. Thereafter, defense counsel moved to admit the letter into evidence, but the motion was denied.

In Michigan, the liberal rules of discovery available in civil proceedings are not equally applicable to criminal cases. MCR 6.001(B). However, this is not to say that discovery in criminal cases is prohibited. Even where discovery is not authorized by statute or rule, it has long since been recognized that discovery in criminal cases is a matter within the trial court's discretion. *People v Freeman (After Remand),* 406 Mich 514, 516; 280 NW2d 446 (1979); *People v Taylor,* 159 Mich App 468, 471-472, n 5; 406 NW2d 859 (1987), lv den 428 Mich 913 (1987), and cases cited therein. Although this state has not yet decided the issue, there seems to be a growing trend in other jurisdictions to allow prosecutors greater access to the pretrial statements and notes of defense lay witnesses, at least where such does not impinge upon a defendant's constitutional or statutory rights. See *United States v Nobles,* 422 US 225; 95 S Ct 2160; 45 L Ed 2d 141 (1975); Anno: *Right of prosecution to discovery of case-related notes, statements, and reports—state cases,* 23 ALR4th 799, § 7, pp 830-834. See also, LaFave & Israel, Criminal Procedure (student ed), § 19.4(a) and (g), pp 741-742, 748-750.

In the instant case, we do not believe the trial court abused its discretion in ordering that the prosecutor be allowed to examine the letter written by Gierwicki. Contrary to what defendant asserts on appeal, the letter was not attorney work

product. Being an unsolicited letter voluntarily written by Gierwicki, it was not a document prepared by defense counsel or his agents in anticipation of trial and it did not contain the attorney's opinions, theories, or conclusions. *Nobles, supra,* pp 238-239; *People v Martin,* 57 Mich App 84, 85; 225 NW2d 174 (1974). Furthermore, Gierwicki was an adverse witness whose testimony was exculpatory to defendant. Hence, the prosecutor was properly allowed to examine the letter for discrepancies in her trial testimony. In holding that the trial court did not commit an abuse of discretion, we adopt the sentiment expressed by the United States Supreme Court in *Williams v Florida,* 399 US 78, 82; 90 S Ct 1893; 26 L Ed 2d 446 (1970): "The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." Even were we to hold that the trial court erred, the error would be harmless beyond a reasonable doubt. The prosecutor never questioned Gierwicki on the letter and the jury was never apprised of its contents. Thus, reversal of defendant's conviction is not required. MCR 2.613(A); MCL 769.26; MSA 28.1096.

Defendant next argues that his conviction was against the great weight of the evidence. Because he failed to raise this issue below by way of a motion for new trial, it has not been preserved for appellate review. See *People v Patterson,* 428 Mich 502, 514-515; 410 NW2d 733 (1987); *People v Mattison,* 26 Mich App 453, 459-460; 182 NW2d 604 (1970).

Lastly, defendant claims that the trial court erred in failing sua sponte to inform him of his constitutional rights not to testify or have his silence used against him. This argument is without merit. Where a defendant has the assistance of

trial counsel, the court need not sua sponte advise him of those constitutional rights. *People v Martin,* 150 Mich App 630, 640; 389 NW2d 713 (1986). The decision to testify or not testify is usually considered a matter of trial strategy which this Court will not disturb on appeal. *People v Simmons,* 140 Mich App 681, 684; 364 NW2d 783 (1985), lv den 422 Mich 963 (1985).

Affirmed.