PEOPLE v LEMCOOL (ON REMAND)
PEOPLE v MAUSOLF (ON REMAND)

Docket Nos. 154860, 154861. Submitted January 14, 1993, at Grand Rapids. Decided June 7, 1993, at 10:05 A.M. Limited leave to appeal granted, 444 Mich —.

Terry L. Lemcool and Jeanne M. Mausolf were charged in the Alpena Circuit Court with possession of less than twenty-five grams of cocaine. Lemcool additionally was charged with being an habitual offender, second offense. The court, John F. Kowalski, J., granted the prosecution's discovery motion for a list of the names and addresses of the defendants' witnesses and a list of items of physical evidence the defendants would introduce at trial. The Court of Appeals denied the defendants leave to appeal the discovery order. The Supreme Court, in lieu of granting leave to appeal, remanded the cases to the Court of Appeals for consideration as on leave granted. 440 Mich 871 (1992).

On remand, the Court of Appeals consolidated the appeals and *held*:

In the absence of specific authority granted by statute or court rule, a trial court may not permit discovery by the prosecution. None of the instances for which limited discovery by the prosecution is allowed by statute exist in this case.

Reversed and remanded for further proceedings.

MacKenzie, J., dissenting, stated that, given a split of authority with respect to whether trial courts have inherent discretionary power to grant discovery by the prosecution or may do so only where authorized by court rule or statute, the trial court was entitled to rely on those cases that hold that discovery by the prosecution is a discretionary matter and it did not abuse its discretion under the circumstances of this case.

CRIMINAL LAW — DISCOVERY BY THE PROSECUTION.

A trial court may grant discovery in favor of the prosecution only where authorized by statute or court rule.

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 400, 462.

Right of prosecution to pretrial discovery, inspection, and disclosure. 96 ALR2d 1224.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis P. Grenkowicz,* Prosecuting Attorney, and *Robert A. Reuther,* Chief Assistant Prosecutor, for the plaintiff.

State Appellate Defender (by *Ronald J. Bretz),* for the defendants on appeal.

Amicus Curiae:

Prosecuting Attorneys Association of Michigan (by *Gary M. Gabry, William A. Forsyth,* and *Timothy K. McMorrow).*

### ON REMAND

Before: Marilyn Kelly, P.J., and MacKenzie and Neff, JJ.

Neff, J. On remand from the Supreme Court for consideration as on leave granted, see 440 Mich 871 (1992), defendants appeal from an order granting reciprocal discovery to the prosecution. We reverse and remand.

### I

This case arises out of the seizure of a plastic plate and a rolled-up dollar bill containing traces of cocaine from a pickup truck in which defendants were passengers. Defendants were each charged with one count of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). Defendant Lemcool was also charged with being a second-offense habitual offender, MCL 769.10; MSA 28.1082.

The prosecution moved for reciprocal discovery, seeking a list of the names and addresses of all lay and expert witnesses defendants intended to call

at trial, as well as a list of any tangible physical evidence defendants intended to introduce. Following a hearing, the trial court entered an order directing defendants to furnish the requested items; the court subsequently denied defendants' motion for reconsideration.

II

In Michigan, the liberal rules of discovery available in civil proceedings are not equally applicable to criminal cases. MCR 6.001(D); *People v Johnson,* 168 Mich App 581, 584; 425 NW2d 187 (1988). Limited prosecutorial discovery is provided by statute in narrow instances that are not present in this case.[1]

There is a split of authority in this Court with regard to whether general discovery may be ordered in favor of the prosecution in a criminal case. In *People v Paris,* 166 Mich App 276; 420 NW2d 184 (1988), a panel of this Court concluded that, in the absence of a court rule, the prosecution does not have a right to discovery except where disclosure of information is required by statute. However, subsequent panels of this Court have reasoned that, despite the absence of specific authorization by statute or court rule, trial courts have inherent discretionary power to grant the

---

[1] Criminal discovery is available to the prosecutor where a defendant seeks to rely upon a defense of alibi, MCL 768.20; MSA 28.1043, and where a defendant plans to assert a mental health defense such as insanity or diminished capacity, MCL 768.20a; MSA 28.1043(1). In addition, a defendant claiming duress as a defense to breaking prison must advise the prosecutor of all witnesses to be called in support of the defense and specific information relative to the defense, MCL 768.21b; MSA 28.1044(2), and a rape defendant must file a written motion and offer of proof in order to obtain a hearing in camera to determine whether certain evidence related to the victim's sexual conduct may be presented, MCL 750.520j; MSA 28.788(10). See generally Reynolds, *Prosecutorial Discovery In Michigan—Balancing The Scales of Justice,* 5 Wayne County Criminal Law Review 39, 40-41 (1992).

prosecution discovery. *People v Tronti,* 176 Mich App 544, 550; 440 NW2d 62 (1989); *Johnson, supra,* p 584.

Defendants rely on the *Paris* case and assert that revealing the identity of their witnesses and the physical evidence they plan to introduce at trial would effectively reveal to the prosecution their trial strategy and theory of defense, and thus deprive them of a fair trial. While we agree generally with the holding in the *Paris* case, we believe that the *Paris, Johnson,* and *Tronti* cases do not reach a careful accommodation between acceptable prosecutorial discovery and the various constitutional safeguards available to criminal defendants, and therefore do not provide a means for resolving the case before us.

In partially granting the prosecutor's request for reciprocal discovery in this case, the trial court stated:

[T]he Court notes Defendant's [sic] claim that reciprocal discovery would tend to lead to revelation of the theory of defense, but is not persuaded by it in this instance. If Defendant's [sic] argument is valid, then any mere assertion by defense that discovery would reveal their theories would prohibit a Court granting discovery. This Court cannot believe such was the intention of the Legislature, Court of Appeals and Court Rules.

III

The threshold issue is whether the court has authority, in the absence of statute or court rule, to permit prosecutorial discovery such as that at issue in this case. We hold that, in the absence of specific authority, the better policy is for trial courts to exercise judicial restraint and refuse to

permit such prosecutorial discovery in light of potential and far-reaching effects on fundamental constitutional principles and rights.

We disagree, on a philosophical basis, with the idea of unlimited reciprocal discovery in the criminal context. Even if limited reciprocal criminal discovery should be adopted in some form in Michigan, we are convinced that this is not the case and this Court is not the proper forum for the expansion of the prosecutor's right to discovery. Rather, it should be done in a manner that allows a full airing of issues related to prosecutorial discovery, through the legislative process or the rule-making function of our Supreme Court. Such issues could only be superficially evaluated by this Court in the limited context of this case. The task of formulating procedures that will fairly balance the rights of both the prosecutor and criminal defendants may more properly be accomplished in a forum that allows greater input of opposing views and wider ranging deliberation than is available in this Court.

If this Court were to create rules of discovery in criminal cases, it would have to decide, more or less in a vacuum, what the sanctions would be if a party were to refuse to comply with a discovery order. In addition, there are many circumstances under which reciprocal criminal discovery could raise unique questions concerning a defendant's rights. Accordingly, there is a real danger in formulating or approving in this case a rule that could have unanticipated but far-reaching effects on later cases.

In addition, by determining case by case whether a discovery request by the prosecutor should have been granted, we, almost by definition, would be adopting a piecemeal approach to this issue. The interests of the criminal justice

system and of individual defendants demand a
unified approach to the entire subject of criminal
discovery. Such a unified approach is long overdue.
In the Annual Survey of Michigan Law June 1,
1987—May 31, 1988, *Criminal Procedure,* 35
Wayne L R 447, 468-469 (1989), Gail Rodwan
quoted the previous year's survey of criminal pro-
cedure:

> It is a continuing anomaly and embarrassment
> that in a state in which civil discovery is thor-
> oughly addressed by court rules controlling its
> scope, mechanics, and timing, criminal discovery
> in Michigan remains amorphous, undefined, and
> relegated to the discretion of the trial court. There
> are few hard and fast rules, and little predictabil-
> ity.

Now is the time for the Legislature or our
Supreme Court to define the scope of criminal
discovery in Michigan. The issue of criminal dis-
covery and all its ramifications can no longer be
ignored.

We reverse the order granting reciprocal discov-
ery and remand this case to the trial court for
further proceedings consistent with this opinion.
We do not retain jurisdiction.

Marilyn Kelly, P.J., concurred.

MacKenzie, J. *(dissenting).* I agree with the
majority that this case is not the best vehicle for
defining the contours of prosecutorial discovery.
Nevertheless, given the existing state of the law
regarding the subject, I am unwilling to hold that
the trial court abused its discretion in granting
discovery.

As noted by the majority, there is at present a

split of authority in this Court regarding whether general discovery may be ordered in favor of the prosecution. In *People v Paris,* 166 Mich App 276; 420 NW2d 184 (1988), this Court concluded that, in the absence of a court rule, the prosecution does not have a right to discovery except where statutorily mandated. In *People v Johnson,* 168 Mich App 581, 584; 425 NW2d 187 (1988), and *People v Tronti,* 176 Mich App 544, 550; 440 NW2d 62 (1989), however, this Court held that trial courts have inherent discretionary power to grant the prosecution discovery despite the absence of specific authorization by statute or court rule.

Because the trial court's discovery orders are reviewed for abuse of discretion, *Tronti, supra,* defendants must establish that an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling made. *People v Watkins,* 176 Mich App 428, 430; 440 NW2d 36 (1989). Here, the trial court was entitled to follow the *Johnson* line of authority, see *In re Bay Co Prosecutor,* 102 Mich App 543, 549; 302 NW2d 225 (1980), and defendants offered only their unsupported allegation that discovery would tend to reveal their defense theory and strategy. Under these circumstances, I would find no abuse of discretion in the trial court's order and accordingly would affirm.