PEOPLE v LEMCOOL (AFTER REMAND)

PEOPLE v MAUSOLF (AFTER REMAND)

Docket Nos. 96887, 96888. Argued January 11, 1994 (Calendar Nos. 3-4). Decided June 24, 1994.

Terry L. Lemcool and Jean Marie Mausolf were charged in the Alpena Circuit Court with possession of less than 25 grams of cocaine. Lemcool additionally was charged with being an habitual offender, second offense. The prosecutor, after disclosing the witnesses intended to be called and providing copies of a laboratory report and police reports, moved for reciprocal discovery. The court, John F. Kowalski, J., ordered the defendants to disclose their witnesses and to list any physical evidence that they were planning to introduce. The Court of Appeals, TAYLOR, P.J., and MICHAEL J. KELLY, J. (SHEPHERD, J., dissenting), denied leave to appeal (Docket Nos. 150538, 150539). The Supreme Court remanded the cases to the Court of Appeals, 440 Mich 871 (1992). The cases were consolidated on remand, and the Court, MARILYN J. KELLY, P.J., and NEFF, J. (MacKENzIE, J., dissenting), reversed, holding that, in the absence of specific authority, the better policy is for trial courts to exercise judicial restraint and refuse to permit prosecutorial discovery (Docket Nos. 154860, 154861). The prosecutor appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

The circuit court did not abuse its discretion.

The question of discovery in a criminal case has long been entrusted to the discretion of the trial court. Because, in this case, the prosecution had already disclosed its witnesses and laboratory reports, and had provided copies of police reports, it was not error for the circuit court to order the defendants to provide names and addresses of expert and lay witnesses and a list of the physical evidence that they intended to use at trial.

Reversed.

200 Mich App 77; 504 NW2d 7 (1993) reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis P. Grenkowicz,* Prosecuting Attorney, and *Robert A. Reuther,*

Chief Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz*) for the defendants.

Amici Curiae:

*Margaret M. Chiara, William A. Forsyth,* and *Timothy K. McMorrow* for the Prosecuting Attorneys Association of Michigan.

*David M. Lawson* for the Criminal Defense Attorneys of Michigan.

PER CURIAM. This is an interlocutory appeal in a drug case. After the prosecuting attorney disclosed the names of the witnesses he intended to call at trial and provided a copy of the laboratory report, the circuit court ordered the defendants to disclose their witnesses and to list any physical evidence that they were planning to introduce.

The Court of Appeals reversed the order of the circuit court. However, we find that the circuit court did not abuse its discretion, and we therefore reverse the judgment of the Court of Appeals and reinstate the order of the circuit court.

I

Sergeant Thomas G. Mullaney of the Alpena Police Department was working undercover in Alpena on September 14, 1990.[1] While watching the parking lot of the Dry Dock Bar, he saw defendants Terry Lemcool and Jean M. Mausolf enter a pickup truck, together with a codefendant

---

[1] Because this case has not been tried, we are drawing the facts from the testimony given by the prosecution witnesses at the preliminary examination.

named David Sommerfeld. Mr. Sommerfeld was in the driver's seat and Mr. Lemcool was sitting on the passenger side. Ms. Mausolf sat between them.

Sergeant Mullaney approached the truck because the three appeared to be using a controlled substance. When he walked up to the vehicle, he saw a tray with white powder and a rolled dollar bill. A search of Mr. Lemcool produced a pack of Zigzag papers and a piece of metal that Sergeant Mullaney believed would be used to separate cocaine into lines.[2]

The defendants are charged with possessing less than 25 grams of cocaine.[3] MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). Codefendant Sommerfeld evidently was also charged with the same offense, but his case is not before us on appeal.

Before the preliminary examination, counsel for defendants Lemcool and Mausolf filed in district court a December 11, 1990, appearance that included a demand for "[c]opies of complaint, warrant, statements, police reports" and a demand "[t]hat witness names and statements be provided, in compliance with MCL 767.40a *et seq.* [MSA 28.980(1) *et seq.*]." The file indicates that the prosecutor sent the police report to counsel the next day.

On January 2, 1991, defense counsel wrote to the prosecutor to say that, while he had received the police report, he did not have a copy of the laboratory report. Two days later, the prosecutor sent a copy of that report to defense counsel.

After the defendants were bound over to circuit

[2] The defendants initially refused to get out of the truck, and did so only after Sergeant Mullaney threatened to break the window. All three initially were charged with resisting and obstructing a police officer. MCL 750.479; MSA 28.747. However, the district judge ruled that there was insufficient evidence to bind them over on that charge.

[3] Defendant Lemcool is also charged as an habitual offender. MCL 769.10; MSA 28.1082.

court, the circuit judge prepared a November 18, 1991, "Arraignment Summary." It stated that the "prosecutor has given defendant copy of statement(s)" and that the "prosecutor has or will disclose physical evidence and will allow examination of same upon a reasonable request made within 3 days."

On December 6, 1991, the prosecutor filed a "Motion for Reciprocal Discovery." The motion recited that the prosecutor had complied with his statutory[4] obligation to disclose the names of witnesses that he intended to call at trial, and that he had provided the defendants with copies of the police reports.

In his discovery motion, the prosecutor requested "the names and addresses of all witnesses the defendant intends to call at trial, any written or recorded statements of the witnesses, any reports or statements of experts made in connection with the case and any real or tangible evidence the defendant intends to offer at trial." In support of the motion, the prosecutor cited *People v Richard P Johnson,* 168 Mich App 581, 583-585; 425 NW2d 187 (1988), and *People v Tronti,* 176 Mich App 544, 547-550; 440 NW2d 62 (1989).

In their written response to the prosecutor's motion, the defendants admitted that "the trial court has the authority to grant discovery," but urged that the prosecutor's request be denied.

The circuit court granted the prosecutor's motion, in part:

THIS MATTER having come on for hearing and the Court being fully advised on the premises,

IT IS HEREBY ordered that within twenty (20) days from the entry of this order the People will be furnished the following:

---

4 MCL 767.40a(3); MSA 28.980(1)(3).

1. Names and addresses of the witnesses the defendant intends to call at trial.

2. Names and addresses of expert witnesses the defendant intends to call at trial.

3. A list of tangible physical evidence the defendant intends to introduce at trial.

IT IS FURTHER ordered that the defendant disclose to the People any additional names and addresses and any additional tangible physical evidence in a reasonable time after the twenty (20) days as they become known.

IT IS FURTHER ordered that the motion is denied as to furnishing any written reports or statements or any recorded statements of the witnesses in the possession of the defendant.

In an order denying the defendants' motions for reconsideration, the circuit court added this explanation:

Finally, the Court notes Defendant's claim that reciprocal discovery would tend to lead to revelation of the theory of the defense, but is not persuaded by it in this instance. If Defendant's argument is valid, then any mere assertion by defense that discovery would reveal their theories would prohibit a Court granting discovery. This Court cannot believe such was the intention of the Legislature, Court of Appeals and Court Rules.

The defendants appealed.[5] Reversing the circuit court's discovery order, the Court of Appeals held that, "in the absence of specific authority [from a statute or court rule], the better policy is for trial courts to exercise judicial restraint and refuse to permit such prosecutorial discovery in light of

[5] The defendants' interlocutory applications initially were denied by the Court of Appeals. Unpublished orders of the Court of Appeals entered May 8, 1992 (Docket Nos. 150538, 150539). However, we remanded the case to the Court of Appeals for consideration as on leave granted. 440 Mich 871 (1992).

potential and far-reaching effects on fundamental constitutional principles and rights." 200 Mich App 77, 80-81; 504 NW2d 7 (1993). The majority went on to call on the Legislature and this Court "to define the scope of criminal discovery in Michigan." *Id.* at 82.

In dissent, Judge MacKenzie wrote that the circuit court did not abuse its discretion in this case:

> As noted by the majority, there is at present a split of authority in this Court regarding whether general discovery may be ordered in favor of the prosecution. In *People v Paris,* 166 Mich App 276; 420 NW2d 184 (1988), this Court concluded that, in the absence of a court rule, the prosecution does not have a right to discovery except where statutorily mandated. In *People v [Richard P] Johnson,* 168 Mich App 581, 584; 425 NW2d 187 (1988), and *People v Tronti,* 176 Mich App 544, 550; 440 NW2d 62 (1989), however, this Court held that trial courts have inherent discretionary power to grant the prosecution discovery despite the absence of specific authorization by statute or court rule.
>
> Because the trial court's discovery orders are reviewed for abuse of discretion, *Tronti, supra,* defendants must establish that an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling made. *People v Watkins,* 176 Mich App 428, 430; 440 NW2d 36 (1989). Here, the trial court was entitled to follow the *[Richard P] Johnson* line of authority, see *In re Bay Co Prosecutor,* 102 Mich App 543, 549; 302 NW2d 225 (1980), and defendants offered only their unsupported allegation that discovery would tend to reveal their defense theory and strategy. Under these circumstances, I would find no abuse of discretion in the trial court's order and accordingly would affirm. [200 Mich App 82-83.]

The prosecutor filed applications for leave to appeal, which we granted "limited to [the issue] whether the trial court properly ordered the defendants to provide discovery to the prosecution." 444 Mich 866 (1993).

II

We have long entrusted the question of discovery in criminal cases to the discretion of the trial court. *People v Herbert L Johnson,* 356 Mich 619; 97 NW2d 739 (1959); *People v Maranian,* 359 Mich 361, 368; 102 NW2d 568 (1960); *People v Wimberly,* 384 Mich 62, 66, n 1; 179 NW2d 623 (1970); *People v Pearson,* 404 Mich 698, 731; 273 NW2d 856 (1979) (opinion of Levin, J.); *People v Freeman (After Remand),* 406 Mich 514, 516; 280 NW2d 446 (1979).

However, panels of the Court of Appeals have reached differing conclusions with regard to whether the prosecutor may discover information known to the defense. Compare *Richard P Johnson* and *Tronti, supra,* with the opinions issued by the Court of Appeals in the present case and in *People v Paris,* 166 Mich App 276, 278-280; 420 NW2d 184 (1988).

Extensive efforts also have been undertaken to formalize satisfactory rules of discovery in criminal cases. See, generally, proposed Subchapter 6.200 of the Michigan Court Rules, 422A Mich 65-106 (1985). In particular, proposed MCR 6.205 would have treated disclosure of information known to the defense. 422A Mich 79-87.

After lengthy discussions, we decided not to adopt proposed Subchapter 6.200. Rather than promulgate a set of fixed rules, we were persuaded to allow some further development of this area through the resolution of appellate cases.

A recent example of this case-by-case approach is *People v VanderVliet,* 444 Mich 52, 89; 508 NW2d 114 (1993). There, we held that, to aid in the resolution of issues concerning "similar acts" evidence under MRE 404(b), a trial judge may require disclosure of the defendant's theory:

> These considerations underscore the wisdom of embracing an approach to discovery, undertaken by many state courts and the federal judiciary, which promotes reliable decision making. To assist the judiciary in this extraordinarily difficult context and to promote the public interest in reliable fact finding, we intend to adopt a modification to Rule 404(b). We require the prosecution to give pretrial notice of its intent to introduce other acts evidence at trial,[51] and *authorize the trial judge, consistent with the law in ten other states,[52] to require the defendant to articulate his theory or theories of defense.[53]*

> ───────────────

> [51] A notice requirement prevents unfair surprise and offers the defense the opportunity to marshal arguments regarding both relevancy and unfair prejudice.
> [52] 2 LaFave & Israel, Criminal Procedure, § 19.4(e), pp 519-520.
> [53] Michigan recognizes the broad power of the trial court to prevent ambush and surprise through the use of discovery, *People v Freeman (After Remand),* 406 Mich 514, 516; 280 NW2d 446 (1979); *People v Maranian,* 359 Mich 361; 102 NW2d 568 (1960); *People v [Herbert L] Johnson,* 356 Mich 619; 97 NW2d 739 (1959), limited only by a defendant's right not to incriminate himself. See *Williams v Florida,* 399 US 78; 90 S Ct 1893; 26 L Ed 2d 446 (1970).

> ───────────────

[444 Mich 89. Emphasis supplied.]

As indicated above, the question of discovery in a criminal case is committed to the discretion of the trial court. Thus, the question is whether the circuit judge in this case abused his discretion. We are satisfied that he did not.

Before making any request for discovery, the

prosecutor provided defense counsel with police reports and laboratory reports. He then asked for:

1. Defendant's expert witnesses, their names and addresses, and any reports or statements of experts made in connection with the case.
2. Defendant's witnesses, their names and addresses, and any written or recorded statements.
3. Any real or tangible evidence the defendant intends to offer at trial.

Properly exercising discretion, the circuit court ordered disclosure of the names and addresses of lay and expert witnesses, and a list of tangible physical evidence that the defendants will introduce at trial. The court denied the motion insofar as the prosecutor sought production of the written reports or statements of the defense witnesses.

There are many potential issues in this area, but we need not address them all today.[6] We are satisfied to say that the discovery order in this

---

[6] The Legislature has enacted 1994 PA 113. It adds the following language, to be compiled as MCL 767.94a; MSA 28.1023(194a), and it takes effect on October 1, 1994:

(1) A defendant or his or her attorney shall disclose to the prosecuting attorney upon request the following material or information within the possession or control of the defendant or his or her attorney:

(a) The name and last known address of each witness other than the defendant whom the defendant intends to call at trial provided the witness is not listed by the prosecuting attorney.

(b) The nature of any defense the defendant intends to establish at trial by expert testimony.

(c) Any report or statement by an expert concerning a mental or physical examination, or any other test, experiment, or comparison that the defendant intends to offer in evidence, or that was prepared by a person, other than the defendant, whom the defendant intends to call as a witness, if the report or statement relates to the testimony to be offered by the witness.

case was not an abuse of discretion.[7] Where the
prosecution had already disclosed its witnesses and
laboratory reports, and had provided copies of
police reports,[8] it was not error for the circuit
court to order the defendant to provide names and
addresses of expert and lay witnesses and a list of

---

(d) Any book, paper, document, photograph, or tangible ob-
ject that the defendant intends to offer in evidence or that
relates to the testimony of a witness, other than the defendant,
whom the defendant intends to call.

(2) The defendant or his or her attorney shall comply with
the disclosure provisions of subsection (1) not later than 10 days
before trial or at any other time as the court directs.

(3) A defendant shall not offer at trial any evidence required
to be disclosed pursuant to subsection (1) that was not disclosed
unless permitted by the court upon motion for good cause
shown. A motion under this subsection may be made before or
during trial.

We offer no opinion with regard to this measure.

[7] We have also considered the defendant's constitutional arguments,
and find that they lack merit. In this regard we note the willingness
of the United States Supreme Court to enforce sanctions imposed for
violation of a reciprocal discovery order. *Taylor v Illinois,* 484 US 400;
108 S Ct 646; 98 L Ed 2d 798 (1988), reh den 485 US 983; 108 S Ct
1283; 99 L Ed 2d 494 (1988). The petitioner in *Taylor* did not contest
the underlying discovery order, 484 US 413, and the Court noted that
"[t]here may be cases in which a defendant has legitimate objections
to disclosing the identity of a potential witness," 484 US 415, n 20.
Nevertheless, it is clear that the Court saw the Illinois discovery rule
as beneficial:

The defendant's right to compulsory process is itself designed
to vindicate the principle that the "ends of criminal justice
would be defeated if judgments were to be founded on a partial
or speculative presentation of the facts." Rules that provide for
pretrial discovery of an opponent's witnesses serve the same
high purpose. Discovery, like cross-examination, minimizes the
risk that a judgment will be predicated on incomplete, mislead-
ing, or even deliberately fabricated testimony. The "State's
interest in protecting itself against an eleventh hour defense"
is merely one component of the broader public interest in a full
and truthful disclosure of critical facts. [484 US 411-412. Cita-
tion omitted.]

[8] In the circuit court, the parties disputed whether certain other
police records existed and whether they should be turned over to the
defense. Those questions are not before us.

the physical evidence that the defendants intended to use at trial.

For these reasons, we reverse the judgment of the Court of Appeals and reinstate the orders of the circuit court.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.