PEOPLE v VALECK

Docket No. 192904. Submitted April 1, 1997, at Lansing. Decided April 18, 1997, at 9:10 A.M. Leave to appeal denied, 455 Mich 867.

Steven P. Valeck was charged in the Fifty-Second District Court with operating a motor vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level. The defendant sought an order allowing a defense expert to inspect and to test the Datamaster breath test instrument that had been used to measure the defendant's blood alcohol level. The district court, Michael Batchik, J., entered an order allowing the defendant's expert to run specified tests on the Datamaster instrument that had been used by the Walled Lake police to test the defendant's blood alcohol level. The prosecutor sought leave to appeal to the Oakland Circuit Court, which was denied, John J. McDonald, J. The prosecutor appealed to the Court of Appeals by leave granted.

The Court of Appeals *held*:

1. A trial court may grant a motion for discovery in a criminal case on either of two grounds. First, discovery is mandatory with respect to those matters set forth in MCR 6.201. Second, a court, in the exercise of its discretion, may grant additional discovery.

2. The only mandatory discovery provision of MCR 6.201(A) that might arguably be applicable in this case is the provision of subsection 6 that requires "a description of and an opportunity to inspect any tangible physical evidence" that a party intends to introduce at trial. That provision is not applicable in this case because the Datamaster instrument was not tangible physical evidence that the prosecution intended to introduce at trial.

3. The purpose of broad discovery in criminal cases is to promote the fullest possible presentations of the facts, minimize opportunities for falsification of evidence, and eliminate vestiges of trial by combat, thereby promoting the proper administration of justice by the disclosure, rather than the suppression, of relevant materials.

4. The district court's order does not further the purposes of discovery and, thus, constitutes an abuse of discretion. Nothing was hidden from the defendant. Both the results of the breath test and the type of machine used to obtain those results were known to the

defendant and his expert. Because the thrust of the defendant's challenge is not to the accuracy of the particular instrument used to test him but rather to the reliability of Datamaster breath test instruments generally, the district court's order requiring that the defendant's expert be permitted to run tests on the particular instrument used to test the defendant was an abuse of that court's discretion.

Reversed and remanded.

1. CRIMINAL LAW — DISCOVERY — MANDATORY DISCLOSURE — JUDICIAL DISCRETION.

   A trial court must grant a motion for discovery in a criminal case with respect to the mandatory matters set forth in the provision of the court rules relating to discovery in criminal cases and, in the exercise of its discretion, may grant additional discovery (MCR 6.201).

2. CRIMINAL LAW — DISCOVERY — PURPOSE OF DISCOVERY.

   The purpose of broad discovery in criminal cases is to promote the fullest possible presentations of the facts, minimize opportunities for falsification of evidence, and eliminate vestiges of trial by combat, thereby promoting the proper administration of justice by the disclosure, rather than the suppression, of relevant materials.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief Appellate Division, and *J. Benjamin Dolan*, Assistant Prosecuting Attorney, for the people.

Before: SAAD, P.J., and NEFF and JANSEN, JJ.

NEFF, J. The prosecution appeals by leave granted from a district court discovery order allowing defendant to inspect the Datamaster breath test instrument that had been used by the Walled Lake Police Department to test the defendant's blood alcohol level. We reverse and remand.

I

Defendant was charged with operating a motor vehicle while under the influence of intoxicating

liquor while having an unlawful blood alcohol level, MCL 257.625(1); MSA 9.2325(1).[1] Defendant filed a motion in the district court requesting inspection and testing of the Datamaster infrared-based chemical breath test instrument used to measure his blood alcohol level when he was arrested. Defendant argued that he should be allowed to test the reliability of the instrument in order to refute the prosecutor's claim of intoxication. The district court granted defendant's motion.

## II

A trial court may grant a motion for discovery on two different grounds. First, MCR 6.201 makes certain discovery mandatory. *People v Laws*, 218 Mich App 447, 454-455; 554 NW2d 586 (1996). Second, in a criminal case, a trial court has the discretion to grant additional discovery. *People v Johnson*, 168 Mich App 581, 584; 425 NW2d 187 (1988). Because the district court did not indicate on which ground it was relying in granting defendant's motion, we will review both.

### A

The construction of court rules is a question of law that this Court reviews de novo for error. *Bruwer v Oaks (On Remand)*, 218 Mich App 392, 397; 554 NW2d 345 (1996). "If the language of the court rule is clear, this Court should apply it as written." *Id.* The pertinent section of MCR 6.201 reads as follows:

(A) Mandatory Disclosure. In addition to disclosures required by provisions of law other than MCL 767.94a; MSA

---

[1] Defendant was also charged with possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d). That charge is not relevant to this appeal.

28.1023(194a), a party upon request must provide all other
parties:

*      *      *

(6) a description of and an opportunity to inspect any
tangible physical evidence that the party intends to intro-
duce at trial. On good cause shown, the court may order
that a party be given the opportunity to test without
destruction such tangible physical evidence.

This rule did not entitle defendant to inspect the
Datamaster. The instrument itself is not "tangible
physical evidence" within the plain meaning of that
term. The physical evidence here was defendant's
breath, not the instrument used to test it. Thus, MCR
6.201 does not provide a proper ground for the dis-
trict court's discovery order.

B

Next, we must address whether the discovery order
was a proper exercise of the district court's discre-
tion. This Court reviews the grant of a discovery
motion for an abuse of discretion. *People v Lemcool
(After Remand)*, 445 Mich 491, 497; 518 NW2d 437
(1994); *Laws, supra* at 454-455. In the present case,
we find that the district court's order does not further
the purposes of discovery and thus conclude that it
represents an abuse of discretion.

The Michigan Supreme Court has addressed the
role of discovery in criminal trials:

The legal concept of a criminal trial has changed consid-
erably in modern times. It is seen less as an arena where 2
lawyer gladiators duel with the accused's fate hanging on
the outcome and more as an inquiry primarily directed
toward the fair ascertainment of truth. The purpose of
broad discovery is to promote the fullest possible presenta-

tions of the facts, minimize opportunities for falsification of evidence, and eliminate vestiges of trial by combat. These developments are entirely consonant with the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice. [*People v Wimberly*, 384 Mich 62, 66; 179 NW2d 623 (1970) (citations and internal quotation marks omitted).]

Here, nothing was hidden from defendant. He was obviously aware of his breath test results and the fact that the prosecution intended to use those results against him. He was also aware of the type of instrument used to obtain those results and had already contacted an expert who was familiar with the workings of that instrument.

In addition, it is clear that defendant does not dispute the accuracy of the particular instrument used to test his breath sample. Instead, defendant challenges the reliability of all Datamaster chemical breath test instruments. Thus, defendant does not need access to the particular instrument used to test him. Defendant simply wants the prosecution to provide him with a Datamaster to examine. Under these circumstances, we conclude that the district court's discovery order does not further the purposes of discovery and was therefore an abuse of discretion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.