# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

WILBERT JOSEPH MCKEEVER,

      Defendant-Appellant.

UNPUBLISHED
May 25, 2017

No. 331594
Wayne Circuit Court
LC No. 12-007733-01-FH

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying his motion for a new trial. We reverse and remand for a new trial or other proceedings to conclude the case consistent with this opinion.

This matter was previously before this Court in Docket No. 315771. As this Court explained in its opinion affirming defendant's convictions and sentences for unarmed robbery, MCL 750.530, and aggravated assault, MCL 750.81a:[1]

> In July 2012, Kenith Fawaz found Jennifer Craven in the hallway of his apartment complex. She appeared intoxicated. Fawaz, who had known Craven for approximately 13 years, assisted Craven into his apartment with help from his friend, Denise Scott. Craven used Fawaz's bathroom and then asked Fawaz for money. Fawaz refused to give her money. Craven then held Fawaz as McKeever, who was her boyfriend, approached from the hall. Fawaz escaped Craven's grasp and he and Scott ran downstairs. Scott left the building, but McKeever caught Fawaz and began to beat him.
>
> Craven also came downstairs and, while McKeever was still beating Fawaz, she took Fawaz's wallet. According to Fawaz, Craven gave the wallet to

---

[1] Defendant was sentenced, as a third habitual offender, MCL 769.11, to serve 85 months to 30 years in prison for his armed robbery conviction, and to time served for his aggravated assault conviction.

-1-

McKeever and McKeever inspected it and removed its contents. A security camera's video showed Craven taking Fawaz's wallet and removing its contents. The video further shows McKeever taking the wallet and money from Craven and then discarding the wallet. The video finally showed McKeever leaving the building with Craven.

At trial, McKeever's lawyer conceded that McKeever attacked Fawaz, but maintained that he did so after an argument. He further contended that McKeever did not take Fawaz's money or help Craven do so—Craven simply took advantage of the altercation to rob Fawaz. The jury rejected McKeever's lawyer's version of events and found McKeever guilty as described. [*People v McKeever*, unpublished opinion per curiam of the Court of Appeals, issued September 16, 2014 (Docket No. 315771), pp 1-2.]

On two occasions, and prior to the issuance of this Court's opinion, defendant filed motions in this Court seeking a remand for an evidentiary hearing. Defendant asserted that the trial court erred by precluding Craven from testifying at his trial. Defendant also argued that it was possible that his trial attorney, Marvin Barnett, was ineffective for failing to call Craven as a witness. This Court denied both motions. *People v McKeever*, unpublished order of the Court of Appeals, entered July 2, 2014 (Docket No. 315771); *People v McKeever*, unpublished order of the Court of Appeals, entered May 7, 2014 (Docket No. 315771).

In its opinion addressing defendant's appeal as of right, this Court rejected defendant's contention that the trial court erred when it ruled Craven could not testify. *McKeever*, unpub op at 4-5. This Court explained that the record did not contain such a ruling. *Id*. This Court also rejected a related claim of ineffective assistance of counsel:

McKeever also mentions in passing that his inability to present "testimony in his defense" was caused by "counsel's ineffective assistance . . . " Yet he makes no further mention of a possible claim of ineffective assistance of counsel. Therefore, he has abandoned that claim of error. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). [*Id*. at 6.]

Defendant sought leave to appeal in the Supreme Court. Our Supreme Court entered the following order in response to the application:

On order of the Court, the application for leave to appeal the September 16, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment holding that the defendant abandoned his claim of ineffective assistance of counsel, we REVERSE the Court of Appeals order denying the defendant's amended motion to remand for an evidentiary hearing, and we REMAND this case to the Wayne Circuit Court for an evidentiary hearing. The court shall determine whether trial counsel was ineffective for failing to call Jennifer Craven as a witness at trial, *People v Ginther*, 390 Mich 436 (1973), or whether the court ruled off the record that she could not testify and, if so, what was the basis for such a decision. To the extent that trial counsel

failed to respond to the defendant's request for an affidavit on appeal, the defendant cannot be faulted for failing to overcome the presumption that counsel acted reasonably. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction. [*People v McKeever*, 497 Mich 1033; 863 NW2d 330 (2015).]

On remand, the matter was assigned to a different circuit court judge, as the judge who presided over defendant's trial had retired from the bench. At the evidentiary hearing, a stipulation was entered. The stipulation was that the judge who presided over defendant's trial, as well as the prosecutors who were involved in the matter, had no recollection of the case or why Craven did not testify. And despite rescheduling the hearing several times in an attempt to procure her testimony, Craven did not appear to testify at the evidentiary hearing.

Under questioning from defense counsel, Barnett explained that he had no independent recollection of the matter, and deferred to any existing transcripts as accurate representations of what occurred. He testified that he had "no idea" why Craven did not testify at trial. But under questioning from the prosecutor, Barnett explained that the judge who presided over defendant's trial "determined whether [Craven] would testify or not." Barnett further explained that "[i]t was the [c]ourt's decision. I had nothing to do with whether or not [Craven] would be called." Barnett testified that he tried to explain to defendant that he had no control over whether Craven could testify, and that "it was up to the Judge. Always up to the Judge." However, on redirect by defense counsel, Barnett returned to his claim that he had no independent recollection of the matter. When asked if he was certain that the trial judge had precluded Craven from testifying, Barnett stated, "No. That's not what I'm saying."

At the conclusion of the evidentiary hearing, the trial court rejected defendant's claim of ineffective assistance of counsel and denied the motion for a new trial. With regard to whether Craven could testify, the trial court found that "apparently a decision was made" by the now-retired trial judge that she could not. The trial court could not, however, determine what basis existed for this ruling. Defendant now appeals.

## I. DENIAL OF MOTION FOR A NEW TRIAL

Defendant first argues that the trial court abused its discretion by denying his motion for a new trial. Defendant argues that counsel was ineffective for failing to call Craven as a witness. In the alternative, defendant argues that the trial judge erred by precluding Craven from testifying, and that this error denied him his constitutional rights to present a defense and to compulsory process. We conclude that because of the Supreme Court's order remanding this case to the trial court, and the inability of the trial court to be able to comply with the Supreme Court's order, defendant is entitled to a new trial.

Generally, "[t]his Court reviews a trial court's decision to grant or deny a motion for a new trial for an abuse of discretion." *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). "The question whether defense counsel performed ineffectively is a mixed question of

law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Preserved claims of constitutional error are reviewed de novo on appeal. *People v Shafier*, 483 Mich 205, 211; 768 NW2d 305 (2009). Defendant also claims that the trial court erred under our court rules. The proper interpretation of a court rule is a question of law, reviewed de novo on appeal. *People v Valeck*, 223 Mich App 48, 50; 566 NW2d 26 (1997).

We first address defendant's contention that Craven should have been permitted to testify at the evidentiary hearing via telephone. There is no merit to this argument. Defendant cites MCR 3.210(A)(4) as providing the trial court with the authority to allow testimony by telephone. This court rule appears in subchapter 3.200 of the court rules, a subchapter that applies to domestic relations actions. The rule does not apply in a criminal matter such as this.

The prosecutor correctly directs this Court to MCR 6.006, a rule from Chapter 6 of the court rules, which governs criminal procedure. With regard to evidentiary hearings, this rule provides, "As long as the defendant is either present in the courtroom or has waived the right to be present, upon a showing of good cause, district and circuit courts may use *videoconferencing technology* to take testimony from a person at another location . . . " MCR 6.006(C)(1) (emphasis supplied). In contrast, a different portion of the rule explicitly permits the use of "telephonic, voice, or video conferencing" to conduct preliminary examinations. MCR 6.006(B). That the rule omits mention of telephones in MCR 6.006(C)(1), but permits their use in MCR 6.006(B), clearly indicates that testimony is not permitted to be taken by telephone in evidentiary hearings conducted in criminal matters. See *People v Rahilly*, 247 Mich App 108, 112; 635 NW2d 227 (2001) ("The omission of a provision from one part of a statute that is included in another part of a statute must be construed as intentional"); *People v Buie*, 491 Mich 294, 304; 817 NW2d 33 (2012) (court rules are interpreted using the same principles that govern the proper interpretation of statutes). The trial court did not err by refusing to allow Craven to testify by telephone at the evidentiary hearing.

Turning to the substantive issues, defendant contends that Barnett was ineffective for failing to produce Craven to testify at trial. As our Supreme Court has explained:

> Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense. Const 1963, art 1, § 20; US Const, Am VI. In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different . . .
>
> * * *
>
> In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy. *Strickland*[ *v Washington*, 466 US [668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984)]. Yet a court cannot insulate the review of counsel's performance by calling it trial strategy. Initially, a court must determine whether the "strategic

-4-

choices [were] made after less than complete investigation," and any choice is "reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–691. Counsel always retains the "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* [*Trakhtenberg*, 493 Mich at 51-52.]

Defendant's argument is based on the concept that trial counsel has a duty to perform a reasonable investigation. See *id.* While this argument could be negated by the trial court's apparent conclusion that the now-retired trial judge ruled that Craven could not testify, our Supreme Court's order required a motion to a remand to the trial court for an evidentiary hearing, including that the court *shall* determine whether trial counsel was ineffective for failing to call Craven as a witness at trial or whether the court ruled off the record that she could not testify and, if so, what was the basis for such a decision.

While the trial court on remand found that a ruling was made, the trial court was unable to determine why Craven was precluded from testifying. And indeed, there is no indication regarding what the basis for such a ruling may have been anywhere in the record. Defendant now contends that any such ruling was in error. There is simply no way to review the issue because the basis of the ruling is unknown. Under other circumstances, we would consider remanding the matter and instructing the trial court to explain the basis of the ruling. However, that possibility is foreclosed in this matter because the judge that presided over defendant's trial has retired from the bench and apparently has no memory of the case, nor does any other individual. It appears that remanding the matter for further factual development would be an exercise in futility.

We assume that an error occurred, and that the error is of constitutional magnitude. Nonstructural errors of constitutional magnitude are not grounds for reversal if the error is harmless beyond a reasonable doubt. *People v Gonzalez-Raymundo*, 308 Mich App 175, 186; 862 NW2d 657 (2014).[2]

---

[2] A structural error is a fundamental constitutional error that defies the harmless-error analysis. *People v Miller*, 482 Mich 540, 556; 759 NW2d 850 (2008). But structural errors exist in very limited circumstances. *People v Duncan*, 462 Mich 47, 51; 610 NW2d 551 (2000). Defendant's statement of the questions presented specifically identifies two purported constitutional errors: the denial of the right to present a defense and the right to compulsory process. Both types of errors are subject to harmless-error analysis. *Crane v Kentucky*, 476 US 683, 691; 106 S Ct 2142; 90 L Ed 2d 636 (1986) (recognizing that a violation of the right to present a defense is subject to harmless-error analysis, and remanding for consideration of whether the error in that case was harmless); *People v Whitfield*, 425 Mich 116, 124 n 1; 388 NW2d 206 (1986) (applying harmless-error review to the assertion of a violation of the right to present a defense); *Anderson v Groose*, 106 F3d 242, 246 (CA 8, 1997) ("[A] denial of Compulsory Process can constitute harmless error").

Defendant has always admitted guilt with regard to the charge of aggravated assault, but denied culpability for unarmed robbery. Defendant's only dispute is with his unarmed robbery conviction. Pursuant to MCL 750.530(1), a person is guilty of unarmed robbery if he or she "in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear . . . " As defendant admits to assaulting Fawaz, the only question is whether he assaulted Fawaz in the course of committing a larceny.

The elements of larceny are "(a) a trespassory taking and (b) the carrying away (c) of the personal property (d) of another (e) with intent to steal that property." *People v March*, 499 Mich 389, 401; 886 NW2d 396 (2016). Clearly, defendant did not himself take Fawaz's property; Craven did. However, pursuant to MCL 767.39:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

Our Supreme Court has explained that three elements must be satisfied to convict on an aiding-and-abetting theory:

> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) (quotations omitted).]

As this Court previously explained, "the evidence of McKeever's involvement in the assault and robbery was overwhelming." *McKeever*, unpub op at 3.

---

In his brief on appeal, defendant also discusses whether preclusion of Craven's testimony was warranted by the right against self-incrimination found in the Fifth Amendment. Any error in this regard is not structural, and thus, subject to harmless-error review. *People v Watkins*, 247 Mich App 14, 26-28; 634 NW2d 370 (2001), aff'd on other grounds 468 Mich 233 (2003). See also *People v Reid*, 233 Mich App 457, 482; 592 NW2d 767 (1999) (finding any potential error implicating the right against self-incrimination to have been "harmless beyond a reasonable doubt . . . "). Finally, defendant also suggests that evidentiary error may have occurred, in that if Craven were not available to testify, he could have introduced her out-of-court statements, presumably her testimony at the plea proceeding, under MRE 804(b)(3). Evidentiary errors are reviewed for harmless error, but under a less stringent standard: evidentiary errors are not grounds for reversal unless after examining the entire case, "it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). Thus, if the alleged constitutional errors are harmless, so, too, is any claimed evidentiary error.

Indeed, it would appear that the jury already rejected essentially the same version of events that Craven would have provided. As this Court has already explained in its first opinion on this case:

> At trial, McKeever's lawyer conceded that McKeever attacked Fawaz, but maintained that he did so after an argument. He further contended that McKeever did not take Fawaz's money or help Craven do so—Craven simply took advantage of the altercation to rob Fawaz. The jury rejected McKeever's lawyer's version of events and found McKeever guilty as described. [*McKeever*, unpub op at 1-2.]

This Court's prior opinion found that there was not ineffective assistance of counsel as that claim was abandoned and that the trial court never precluded Craven from testifying. [*McKeever* unpub op at 5-6] It is imperative to note that our Supreme Court had all of this information including the video tape of this incident and our prior opinion when it issued its order to remand to the trial court to determine whether trial counsel was ineffective for failing to call Craven as a witness at trial or whether the court ruled off the record that she could not testify and, if so, what was the basis for such a decision. However, there is simply no way to determine why Craven was not allowed to testify as described previously. Defendant is entitled to a new trial. This is no fault of the new trial judge in place, or anyone else, for that matter. The trial court had to rule on inference and without certainty by its own statements on the record.

## II. MISSING TRANSCRIPT

Defendant argues that his constitutional right to an appeal has been violated because there is no transcript of the trial judge's apparent ruling that Craven could not testify. We need not decide this issue as we believe there should be a new trial in this matter based on the previous issue.

Reversed and remanded for a new trial or other proceeding to conclude the case consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle