*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

RICKY DALE JACK,

Defendant-Appellee.

FOR PUBLICATION
March 11, 2021
9:05 a.m.

No. 354524
Ingham Circuit Court
LC No. 18-001048-FC

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

RICK, J.

In this interlocutory appeal, the People of the State of Michigan appeal by leave granted[1] the trial court's order granting defendant's motion to compel the production of unredacted police reports. The prosecution argues that MCR 6.201(A)(1) provides her the authority to redact witness contact information from police reports, which are discoverable under MCR 6.201(B)(2). The prosecution maintains that the trial court abused its discretion by granting defendant's motion to compel unredacted police reports.[2] For reasons stated in this opinion, we affirm the trial court's order and remand the case for proceedings consistent with this opinion.

## I. BACKGROUND

---

[1] *People v Jack,* unpublished order of the Court of Appeals, entered October 9, 2020 (Docket No. 354524).

[2] For the first time on appeal, the prosecutor argues that MCL 767.40a also does not compel her to disclose unredacted police reports. Accordingly, this issue is unpreserved and we need not consider it. *Napier v Jacobs*, 429 Mich 222, 227-228; 414 NW2d 862 (1987). Nonetheless, we note that MCL 767.40a does not conflict with or inform MCR 6.201 and is not relevant to the interpretation issue on appeal.

This case arises out of defendant's prosecution for first-degree child abuse and open murder. The details of the allegations against defendant are not relevant to this appeal.

In November 2018, the prosecutor provided defense counsel with discovery materials which included a copy of the felony information containing the names of witnesses who could be called at trial. The prosecutor did not provide defense counsel with contact information for any witnesses. The prosecutor's office also provided a redacted police report. According to the prosecutor, the information redacted from the police report included the addresses, phone numbers, and birthdates of several witnesses who were also included on the prosecutor's witness list. Defendant's prior attorneys demanded discovery which included requests for the names and addresses of all witnesses and copies of the police reports.[3]

In March 2020, defendant's current counsel filed a supplemental discovery request for unredacted police reports. In April 2020, the prosecutor sent defense counsel an e-mail asserting that the contact information for potential witnesses was redacted in the police report consistent with MCR 6.201(A)(1). In response, defendant filed a motion to compel discovery, arguing that MCR 6.201(B)(2) did not allow the prosecutor to redact a police report unless it was related to an ongoing investigation or there was a protective order.

A hearing on defendant's motion was held on June 18, 2020. The prosecutor argued that she was not required to provide the addresses or other contact information for witnesses under MCR 6.201. The prosecutor asserted that she had offered to make the witnesses available to defense counsel to interview, and that she remained "ready, willing and able to comply with MCR 6.201(A)(1) and make all witnesses available to Defendant's attorneys for interview." The prosecutor also asserted that providing witness contact information to defendant presented a safety issue for the witnesses. For this reason, the prosecutor redacted that information from the police report before providing it to defense counsel. Defendant argued that the disclosure of police reports under MCR 6.201(B)(2) was separate from the disclosure of a witness list under MCR 6.201(A)(1). Defense counsel also asserted that defendant did not pose a risk of harm to anyone because he was in custody at the time of the hearing and would remain so until trial.

The trial court granted defendant's motion to compel and ordered the prosecutor to produce the unredacted police reports to defense counsel. The court concluded that MCR 6.201(A)(1) did not allow the prosecutor to redact police reports required to be disclosed under MCR 6.201(B)(2). The court determined that although the information required to be disclosed in a witness list under MCR 6.201(1)(A) and a police report under MCR 6.201(B)(2) could substantially overlap, the witness list was a separate and distinct disclosure from the production of police reports that contained witness information required by MCR 6.201(B)(2). The trial court noted that the police reports could be redacted if they concerned a continuing investigation, as provided by MCR 6.201(B)(2), or the prosecutor could seek a protective order. This appeal followed.

## II. STANDARD OF REVIEW

---

[3] Prior to defendant's current counsel, three other attorneys separately represented defendant and each withdrew as his counsel.

"This Court reviews the grant of a discovery motion for an abuse of discretion." *People v Valeck*, 223 Mich App 48, 51; 566 NW2d 26 (1997). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014) (citation omitted). A trial court's interpretation and application of court rules is reviewed de novo. *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018). Our Supreme Court has articulated the following method of interpreting a court rule:

> When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. Similarly, common words must be understood to have their everyday, plain meaning. [*People v Phillips*, 468 Mich 583, 589; 663 NW2d 463 (2003) (quotation marks and citations omitted)].

### III. ANALYSIS

Whether or not MCR 6.201(A)(1) allows a prosecuting attorney to redact witness contact information from police reports otherwise discoverable under MCR 6.201(B) is an issue of first impression for this Court and is a matter of statutory interpretation.

MCR 6.201 controls discovery in a criminal case. *Id*. MCR 6.201 provides, in relevant part:

> (A) Mandatory Disclosure. In addition to disclosures required by provisions of law other than MCL 767.94a, a party upon request must provide all other parties:

> (1) the names and addresses of all lay and expert witnesses whom the party may call at trial; in the alternative, a party may provide the name of the witness and make the witness available to the other party for interview; the witness list may be amended without leave of the court no later than 28 days before trial[.]

> * * *

> (B) Discovery of Information Known to the Prosecuting Attorney. Upon request, the prosecuting attorney must provide each defendant:

> * * *

> (2) any police report and interrogation records concerning the case, except so much of a report as concerns a continuing investigation[.]

> * * *

> (D) Excision. When some parts of material or information are discoverable and other parts are not discoverable, the party must disclose the discoverable parts

-3-

and may excise the remainder. The party must inform the other party that nondiscoverable information has been excised and withheld. On motion, the court must conduct a hearing in camera to determine whether the reasons for excision are justifiable. If the court upholds the excision, it must seal and preserve the record of the hearing for review in the event of an appeal.

(E) Protective Orders. On motion and a showing of good cause, the court may enter an appropriate protective order. In considering whether good cause exists, the court shall consider the parties' interests in a fair trial; the risk to any person of harm, undue annoyance, intimidation, embarrassment, or threats; the risk that evidence will be fabricated; and the need for secrecy regarding the identity of informants or other law enforcement matters . . . .

\* \* \*

(I) Modification. On good cause shown, the court may order a modification of the requirements and prohibitions of this rule.

It is the prosecutor's position that MCR 6.201(A)(1) provides her the authority to redact witness contact information from a police report as long as the witnesses are made available to defendant for interviews. We disagree.

The plain language of MCR 6.201 is unambiguous. MCR 6.201(A) governs the mandatory mutual disclosures that parties to a criminal prosecution must provide. MCR 6.201(A)(1) pertains to witness lists, and permits parties to amend their list without leave of the court no later than 28 days before trial. MCR 6.201(B), on the other hand, sets forth the additional discovery that a prosecuting attorney must provide upon request to each defendant charged. "Upon request, the prosecuting attorney *must* provide each defendant    (2) any police report and interrogation records concerning the case, *except so much of a report as concerns a continuing investigation*[.]" MCR 6.201(B)(2) (emphasis added.) Thus, redaction of police reports and interrogation records is permitted only when the information relates to an ongoing investigation, MCR 6.201(B)(2).

In general, provisions that are not included in the court rules should not be supplied by judicial construction. *People v Pinkney*, 501 Mich 259, 286 n 67; 912 NW2d 535 (2018); see also *People v Underwood*, 278 Mich App 334, 338; 750 NW2d 612 (2008) ("The omission of a provision in one statute that is included in another statute should be construed as intentional and provisions not included in a statute by the Legislature should not be included by the courts.") (citations omitted). Additionally, *expressio unius est exclusio alterius*, a canon of statutory interpretation, recognizes that "the express mention of one thing implies the exclusion of other similar things." *People v Garrison*, 495 Mich 362, 372; 852 NW2d 45 (2014). Following these principles, the fact that MCR 6.201 provides specific avenues to restrict the information disclosed in police reports supports the interpretation that the prosecutor does not have the unilateral authority to redact information in a police report.

MCR 6.201(A)(1) and MCR 6.201(B)(2) are two separate provisions that deal with two distinct disclosure requirements. MCR 6.201(A)(1) exclusively concerns a party's obligation to provide a list of the names and addresses of all witnesses whom may be called at trial or, in the

alternative, the party can provide the names of the witnesses and make them available for interviews. On the other hand, MCR 6.201(B)(2) concerns the prosecutor's obligation to provide police reports and interrogation records. The information required to be disclosed under subrules (A)(1) and (B)(2) is separate and distinct and the prosecution must comply with the separate requirements of each section of the court rule.

The prosecutor asserts there is good cause for excising witness contact information. She submits this practice protects the privacy rights of the witnesses and it minimizes the potential risk of witness intimidation or harm. The court rule provides the prosecutor with an avenue to seek judicial permission to withhold otherwise presumptively discoverable contact information. MCR 6.201(E) permits a party upon good cause shown to seek a protective order. The court must consider "the parties' interests in a fair trial; the risk to any person of harm, undue annoyance, intimidation, embarrassment, or threats; the risk that evidence will be fabricated; and the need for secrecy regarding the identity of informants or other law enforcement matters." MCR 6.201(E). Additionally, MCR 6.201(I) permits the court, upon good cause shown, to order a modification of the requirements and prohibitions of the discovery rule.

We hold that, absent an applicable exception provided for in MCR 6.201, a prosecutor is required to produce unredacted police reports under MCR 6.201(B)(2). Accordingly, the trial court did not err when it determined that MCR 6.201(A)(1) did not grant the prosecutor the unilateral authority to redact police reports that were required to be disclosed under MCR 6.201(B)(2). The trial court left open the possibility that the prosecution may file for a protective order.

For these reasons, we affirm the trial court's order compelling disclosure of the unredacted police reports and remand to the trial court for proceedings consistent with this opinion. On remand, the prosecutor may request a protective order under MCR 6.201(E) or pursue an exception under MCR 6.201(I). We do not retain jurisdiction.

Affirmed.

/s/ Michelle M. Rick
/s/ Stephen L. Borrello

-5-